```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6/23/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELSON CRUZ,

                Plaintiff,

v.

THE STOP & SHOP SUPERMARKET COMPANY LLC,

                Defendant.

No. 19-CV-11565 (RA)

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Nelson Cruz initially filed this personal injury action in the Supreme Court of New York against Defendants The Stop & Shop Supermarket Company LLC ("Stop & Shop") and CCES Little Neck Realty LLC ("CCES"). Following the dismissal of CCES in state court, Stop & Shop removed the action to this Court. Now before the Court is Plaintiff's motion to remand. For the reasons that follow, Plaintiff's motion is granted.

## BACKGROUND

    On October 30, 2018, Plaintiff, a citizen of New York, filed this action in the Supreme Court of New York, Bronx County, asserting claims against Defendants for negligence in connection with injuries he allegedly sustained when he tripped and fell on their premises. *See* Dkt. 5-1 ("Compl.") ¶¶ 40-43, 51. In his state court complaint, Plaintiff named as defendants both Stop & Shop, a Delaware limited liability company, *see id.* ¶¶ 2-3; *see also* Dkt. 5 ("Pet. for Removal" or "Pet.") ¶¶ 2-3,[1] and CCES, a limited liability company with its "principal place of

---

[1] In its Petition for Removal, Stop & Shop asserts that it is a Delaware limited liability company, and that its sole member is a Maryland corporation. *See* Pet. ¶¶ 3-4.

1

business [] located in Manhasset, New York." *See* Pet. ¶ 10.[2]  Pursuant to N.Y. C.P.L.R. § 3017(c), Plaintiff's complaint described his injuries but did not state the amount of monetary damages sought.[3]  On February 12, 2019, Plaintiff responded to Defendants' § 3017(c) demand, claiming $2,000,000 in damages "for each cause of action."  Pet. Ex. B at 2; *see* N.Y. C.P.L.R. § 3017(c).

On April 18, 2019, Defendants filed a motion for summary judgment in state court, seeking to dismiss Plaintiff's complaint against CCES on the grounds that his claims failed because CCES was an out of possession landlord with no responsibilities to control, operate, or maintain the premises and thus owed no duty to Plaintiff.  *See* Dkt. 12 ("Def. Opp'n") ¶ 13; *see also* N.Y. Dkt. 11.[4]  Plaintiff's opposition was initially due on May 29, 2019.  *See* Def. Opp'n ¶ 13.  Through a series of stipulations with Defendants, however, Plaintiff requested and received three extensions of time to file his opposition.  *See* Def. Opp'n Ex. E (extension from May 29, 2019 to July 1, 2019); Def. Opp'n Ex. F (extension to August 16, 2019); Def. Opp'n Ex. G (extension to August 26, 2019).  As a result, Plaintiff's opposition was ultimately due on August 26, 2019, and filed on August 23, 2019.  *See* Def. Opp'n ¶¶ 18-19; *see also* Def. Opp'n Ex. H.  In his opposition, Plaintiff argued that the motion for summary judgment was premature because, among other things, discovery remained outstanding and triable issues of fact existed.  *See* N.Y. Dkt. 19 ¶¶ 26, 28, 40-

---

[2] Although neither Plaintiff nor Stop & Shop specify that CCES is a limited liability company with at least one member a New York citizen, and thus a New York company for diversity jurisdiction purposes, *see Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012), the Court assumes that it is based on the fact that Stop & Shop could not remove this action before CCES was dismissed from the case. *See* Pet. ¶¶ 10-11.

[3] Under New York state law, a plaintiff is prohibited from including an *ad damnum* clause or pleading a specific monetary demand in a personal injury action.  In particular, N.Y. C.P.L.R. § 3017(c) provides that, in an action to recover damages for personal injuries, the complaint "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled."  Section 3017(c) also provides, however, that "a party against whom an action to recover damages for personal injuries . . . is brought[] may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled."

[4] Documents cited with the "N.Y." prefix refer to documents filed in the state court action, *Cruz v. The Stop & Shop Supermarket Co. LLC et al.*, Index No. 32368/2018E, which the Court accessed through the New York State Courts Electronic Filing System, and of which it can take judicial notice.  *See Abe v. New York Univ.*, No. 14-cv-9323 (RJS), 2016 WL 2757761, at *3 (S.D.N.Y. May 11, 2016).

42. On December 16, 2019, Judge Alison Tuitt granted the motion for summary judgment, dismissing CCES from the case. *See* Def. Opp'n ¶ 6; *see also* Def. Opp'n Ex. B ("MSJ Order"). The court concluded that summary judgment in CCES's favor was warranted because "CCES was an out of possession landlord with no responsibilities whatsoever to control, operate, maintain or repair" the premises where Plaintiff was allegedly injured. *See* MSJ Order at 4. The court also noted that "plaintiff's argument that the motion should be denied as premature [was] unavailing." *Id.* Accordingly, CCES was dismissed from the action.

On December 20, 2019, four days after Defendants' motion for summary judgment was granted in state court but nearly 14 months after the commencement of the action, Stop & Shop filed a Petition for Removal, removing the action to this Court on the basis of diversity jurisdiction. Dkt. 5. On January 8, 2020, Plaintiff filed the instant motion to remand. Dkt. 9-1 ("Pl. Mot."). Stop & Shop filed an Affirmation in Opposition on February 3, 2020. Dkt. 12. On February 21, 2020, Plaintiff submitted a letter indicating that he did not intend to file a reply brief. Dkt. 18.

## LEGAL STANDARD

"A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011). "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). A federal court has a "continuing obligation to satisfy [itself] that federal jurisdiction over the matter before [it] is proper." *Filsaime v. Ashcroft*, 393 F.3d 315, 317 (2d Cir. 2004).

"[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 715

(S.D.N.Y. 2007) (citations omitted); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 2013 (2d Cir. 2013). This principle ensures "respect for the independence of state courts." *Hill v. Delta Int'l Mach. Corp.*, 386 F. Supp. 2d 427, 429 (S.D.N.Y. 2005) (citations omitted).

## DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"A civil action otherwise removable solely on the basis of [diversity jurisdiction pursuant to 28 U.S.C. § 1332] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "[I]f the case stated by the initial pleading is not removable" because of the involvement of a non-diverse defendant but later becomes removable, the removal statute provides for two discrete time requirements. *See* 28 U.S.C. § 1446(b)(3). First, a notice of removal must be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* Second, "[a] case may not be removed . . . on the basis of [diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

4

Stop & Shop has satisfied the first timing requirement, as it filed its Petition for Removal on December 20, 2019, a mere four days after CCES—the non-diverse defendant—was dismissed from the case. *See* Pet. ¶ 11. This was well within the 30-day window contemplated by § 1446(b)(3). It is undisputed, however, that Stop & Shop's removal was filed over a year after Plaintiff commenced this action. *See* Def. Opp'n ¶¶ 3, 8; Pl. Mot. at 1. The question is thus whether Plaintiff acted in bad faith in order to prevent Stop & Shop from removing the action. For the reasons that follow, the Court concludes that although it has diversity jurisdiction over this action and Stop & Shop's Petition for Removal was filed within 30 days of the case becoming removable, removal was nonetheless untimely under § 1446(c)(1) because Stop & Shop has failed to establish that Plaintiff acted in bad faith. Plaintiff's motion to remand must therefore be granted.

**I.     The Court Has Diversity Jurisdiction Over This Action**

The Court will consider the jurisdictional issue first because it must have jurisdiction over the action before it can reach the timeliness inquiry under 28 U.S.C. § 1446(c)(1). *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "To remove a case based on diversity jurisdiction, the diverse defendant must aver that all of the requirements of diversity jurisdiction have been met." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011).

The parties do not dispute that there is complete diversity here or that the amount-in-controversy requirement is satisfied. Stop & Shop is a Delaware limited liability company, with its sole member a Maryland corporation, and Plaintiff is a citizen and resident of New York. *See* Compl. ¶¶ 1-2; Pet. ¶¶ 2-4. Moreover, the amount in controversy exceeds $75,000, as required, as

Plaintiff seeks $2,000,000 in damages. *See* Pet. Ex. B at 2. Accordingly, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## II.     Stop & Shop's Petition for Removal was Untimely

Given that the Court has diversity jurisdiction over the action, it will now turn to the procedural question of the timeliness of Stop & Shop's Petition for Removal.

Plaintiff argues that removal was untimely, and remand is warranted, because Stop & Shop "did not petition to remove until . . . some two months after the one year time limit had expired," and because "[n]owhere in its [removal] papers does [Stop & Shop] show any bad faith on the part of [P]laintiff to prevent removal." Pl. Mot. at 2. Stop & Shop does not dispute that it filed its notice of removal more than a year after Plaintiff commenced this action. *See* Def. Opp'n ¶¶ 3, 8, 21. Instead, it contends that it would have removed within the one-year timeframe if not for Plaintiff "unduly delay[ing] filing its Opposition to the Motion for Summary Judgment" in state court, which ultimately "resulted in dismissal of the out-of-possession landlord and complete diversity among the remaining parties to the action." Def. Opp'n ¶ 21; *see also id.* ¶ 22 ("It is respectfully submitted that plaintiff's counsel's continued requests for adjournments and additional time to file Opposition resulted in unnecessary delays in this action becoming eligible for removal."). As such, Stop & Shop suggests that Plaintiff acted in bad faith by requesting three extensions to file its opposition to the motion for summary judgment in state court. *See id.* ¶¶ 21-23.

The Second Circuit has not yet expressly articulated the scope of § 1446(c)(1)'s bad faith exception, but "courts in this Circuit [have] granted equitable extensions of the one-year removal period in cases where the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from state court." *Nocelli v. Kaiser Gypsum Co.*, No. 19-CV-1980 (RA), 2020 WL

6

230890, at *5 (S.D.N.Y. Jan. 15, 2020) (quoting *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014)).  When doing so, courts have required sufficient evidence in the record to establish that the plaintiff acted strategically to prevent removal.  *See, e.g.*, *In Re Rezulin Prods. Liab. Litig.*, Nos. 00 Civ. 2843 (LAK), 02 Civ. 6827 (LAK), 2003 WL 21355201, at *2 (S.D.N.Y. June 4, 2003) (concluding that "an equitable exception to the one-year time limit imposed by Section 1446(b) is warranted" because "the timing of plaintiffs' non-suiting of [the non-diverse defendant], five days following the one year anniversary of the action's commencement, suggests strategic behavior was at play" and "the interests of justice are promoted in this case by applying an equitable exception").

The timing of a plaintiff's filings in state court, however, is insufficient alone to support a finding of bad faith.  Indeed, "[e]ven where delay in defendants' removal could be traced to plaintiff's actions, courts have declined to excuse an untimely removal where plaintiff's actions did not evince a specific desire to prevent removal."  *Purple Eagle Entm't Inc. v. Bray*, No. 18 Civ. 3767 (GBD) (HBP), 2018 WL 7968909, at *2 (S.D.N.Y. Dec. 6, 2018), *report and recommendation adopted,* 2019 WL 493812 (S.D.N.Y. Feb. 8, 2019) (citation omitted); *see also Nocelli*, 2020 WL 230890, at *5; *Caires v. JP Morgan Chase Bank N.A.*, No. 16-CV-2694 (GBD) (RLE), 2016 WL 8673145, at *3 (S.D.N.Y. Nov. 4, 2016), *report and recommendation adopted,* 2017 WL 384696 (S.D.N.Y. Jan. 27, 2017); *Ehrenreich*, 994 F. Supp. 2d at 288-89; *Hill*, 386 F. Supp. 2d at 433.

By contrast, in cases where courts have applied the bad faith exception, there has been evidence of the plaintiff's nefarious intent to delay so as to prevent removal, such as by dismissing the non-diverse defendant days or hours after the one-year deadline passes, *see, e.g.*, *In Re Rezulin*, 2003 WL 21355201, at *2, belatedly adding a defendant in response to an attempted or anticipated

7

removal, *see, e.g.*, *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427-28 (5th Cir. 2003), or amending a complaint leading up to the one-year deadline, *cf. Ehrenreich*, 994 F. Supp. 2d at 289.

Here, Stop & Shop has failed to satisfy its burden of establishing that Plaintiff acted in bad faith to prevent removal. While it is true that Plaintiff requested three extensions, they, without more, do not establish bad faith. Even if these requests delayed the adjudication of the motion for summary judgment in state court, the extensions—to which Defendants consented—do not "evince a specific desire to prevent removal." *Purple Eagle*, 2018 WL 7968909, at *3 (citation omitted); *see also Hill*, 386 F. Supp. 2d. at 431. Courts have refused to apply the bad faith exception under similar circumstances. *See, e.g.*, *Ehrenreich*, 994 F. Supp. 2d at 289 (granting plaintiffs' motion for remand in part because plaintiffs "actively" litigated against the non-diverse defendant, including by opposing its motion for summary judgment, and the complaint and named defendants remained unchanged throughout those proceedings). Plaintiff included CCES in his original complaint, did not amend his complaint in an effort to delay so as to defeat removal, and actively litigated against CCES throughout the state court proceedings, including by opposing the motion for summary judgment. *See* Compl.; N.Y. Dkt. 19 ¶¶ 26, 40-42. To the extent Stop & Shop's assertion of bad faith is premised on the state court extensions, the Court is thus unpersuaded. Stop & Shop has set forth no evidence that Plaintiff acted in bad faith in seeking to extend the deadline to file his opposition brief—extensions to which Stop & Shop itself stipulated. *See* Def. Opp'n ¶¶ 15-20.

Federal courts are obligated to construe the removal statues "strictly" and to resolve "all doubts . . . in favor of remand." *See Am. Standard, Inc.*, 498 F. Supp. 2d at 715. Moreover, Congress intended the bad faith exception to be "limited in scope." *See* H.R. Rep. No. 112-10 at 15. In light of these principles, as well as the absence of any evidence of bad faith on Plaintiff's

part, the Court concludes that Stop & Shop has not satisfied its burden. In sum, while Stop & Shop filed its Petition for Removal within 30 days of the case becoming removable, it was nonetheless filed after the one-year limit, and Stop & Shop has not set forth sufficient evidence as to bad faith. Accordingly, Plaintiff's motion to remand this matter to state court is granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand this case is granted. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 9 and remand this case to state court.

SO ORDERED.

Dated:   June 23, 2020
         New York, New York

Ronnie Abrams
United States District Judge